1  NICOLA T. HANNA
   United States Attorney
2  CHRISTOPHER D. GRIGG
   Assistant United States Attorney
3  Chief, National Security Division
   PAUL C. LeBLANC (Cal. Bar No. 319862)
4  Assistant United States Attorney
   Terrorism and Export Crimes Section
5       8000 United States Courthouse
        411 West Fourth Street
6       Santa Ana, California 92701
        Telephone: (714) 338-3537
7       Facsimile: (714) 338-3708
        E-mail:    paul.leblanc@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. SA CR 20-00057-JLS

13            Plaintiff,             GOVERNMENT'S SENTENCING POSITION
                                     REGARDING DEFENDANT ANDREW HSU
14                 v.
                                     Sentencing:   December 11, 2020 at
15  ANDREW HSU,                                     8:00 a.m.

16            Defendant.             Location:     Courtroom of the Hon.
                                                   Josephine L. Staton
17

18

19       Plaintiff United States of America, by and through its counsel

20  of record, the United States Attorney for the Central District of

21  California and Assistant United States Attorney Paul C. LeBlanc,

22  hereby files its sentencing position regarding defendant Andrew Hsu.

23       This sentencing position is based upon the attached memorandum

24  of points and authorities, the presentence investigation report, the

25  //

26  //

27

28

1  files and records in this case, and such further evidence and

2  argument as the Court may permit.

3

4  Dated: November 23, 2020          Respectfully submitted,

5                                    NICOLA T. HANNA
                                      United States Attorney
6
                                      CHRISTOPHER D. GRIGG
7                                     Assistant United States Attorney
                                      Chief, National Security Division
8

9                                          /s/
                                      _____
10                                    PAUL C. LeBLANC
                                      Assistant United States Attorney
11
                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

After being convicted in June 2011 of lying to federal law enforcement agents about illegally exporting goods to Iran, defendant was issued an Order Denying Export Privileges.  In February 2015, defendant caused the export of two flowmeters to Taiwan.  To avoid detection by the U.S. government, defendant persuaded a business associate to export the items; defendant provided the business associate false information required by the United States government to export items outside of the county.  Defendant entered into a plea agreement and, on June 26, 2020, pleaded guilty to the information, violation of 13 U.S.C. § 305(a)(1) and 18 U.S.C. § 2(b).

In light of defendant's conduct and particular criminal history, a term of home confinement and a fine is warranted.  The government disagrees with the United States Probation Office's ("USPO") recommendation of probation but agrees with the USPO's recommendation of a fine of $5000.

### II.   STATEMENT OF FACTS

Defendant was the sole owner and president of Maple Pacific Corporation ("Maple Pacific").  Maple Pacific exported various industrial items to countries outside of the United States.  On June 27, 2011, in the Central District of California, defendant individually, and on behalf of Maple Pacific, pleaded guilty to count one of an information charging defendant and Maple Pacific with a violation of 18 U.S.C. § 1001.  On February 6, 2012, defendant and Maple Pacific were sentenced to probation for two years and a fine of $5000.

On February 12, 2015, the United States Department of Commerce, Bureau of Industry and Security issued an Oder Denying Export Privileges to defendant and Maple Pacific Corporation.  Defendant admits he received and understood this Order.  Among other things, the Denial Order prohibited defendant from directly or indirectly participate in any way in any transaction involving a commodity, software or technology exported from the United States.  Defendant admits that the Denial Order applied to himself, Maple Pacific Corporation, and any other person related to defendant by ownership, control, position of responsibility, affiliation, or other connection in the conduct of trade or business.

On February 11, 2015, defendant purchased two flowmeters for $5,958.00 from a U.S. manufacturer.  Defendant intended to export these commodities to Taiwan.  Defendant solicited Person ONE to export the commodities as defendant HSU knew he was precluded from exporting any commodity.  On August 4, 2015, Person ONE, created a United Parcel Service ("UPS") shipping label utilizing Person ONE's UPS account.  Person ONE utilized the Automatic Export System ("AES") to facilitate exporting the commodities.  The shipping label listed Person ONE as the sender which was false.  In fact, defendant was the actual sender.  On the Shipper's Export Declaration, Person ONE listed Person ONE as the U.S. Principal Party in Interest which was false.  In fact, defendant was the U.S. Principal Party in Interest.  On the Commercial Invoice and Packing list, Person ONE listed that no license was required to export these commodities; that was false.  In fact, defendant, as a denied person, was required to obtain a license to export any commodity.  Defendant knew that the information Person ONE used in the shipping documents, submitted through AES, was false.

2

1    Defendant admits and agrees that defendant caused Person ONE to
2    fraudulently file export information through AES.

3    **III. ARGUMENT**

4         The government recommends the Court impose a sentence of four
5    months' home confinement.  Also, the government respectfully
6    recommends a $5000.00 fine, a three-year period of supervised release
7    and an order to pay a mandatory $100 special assessment.

8         **A.   Sentencing Guidelines Calculation**

9         On October 30, 2020, the USPO filed a Presentence Report
10   ("PSR").  It determined defendant's base level under the United
11   States Sentencing Guidelines ("USSG") is 6 (USSG § 2B1.1(a)(2)). (PSR
12   ¶ 19.)   Defendant is entitled to a two-level reduction for
13   acceptance of responsibility (USSG § 3E1.1(a)), making defendant's
14   total offense level 4. (PSR ¶ 27.) Defendant's criminal history
15   category is I, and his resulting Guidelines sentencing range as
16   calculated by USPO is 0 to 6 months' imprisonment.  (PSR ¶ 84.)  The
17   government agrees with the USPO's Guidelines calculation.

18        Defendant's applicable Guidelines range is in Zone A of the
19   Sentencing Table.  Therefore, defendant is eligible for home
20   detention as part of his sentence. (USSG §§ 5B1.1 n.1(a),
21   5B1.3((e)(2).)

22        The USPO recommended a noncustodial sentence of three years of
23   probation and a $5000 fine. (USPO Recommendation Letter, Cr. Dkt.
24   26.)  The USPO based this recommendation on the following mitigating
25   circumstances, "Hsu is of advanced age with several medical
26   conditions which require ongoing treatment and medication.  Further,
27   Hsu has obtained two graduate degrees and had been self-employed
28   since 1982."  (Probation Recommendation Letter at 4.)

**B.   Nature and Circumstances of the Offense**

Defendant caused an unwitting business associate to improperly fill out shipping documents for two flowmeters, the associate then exported them to Taiwan.  Defendant is precluded from exporting any item without a license.  Defendant was well aware of this prohibition as he was previously convicted of conduct that resulted in defendant's denial of export privileges.

**C.   History and Characteristics of Defendant**

Defendant's history is important to factor into an appropriate sentence.  Defendant's prior felony conviction involved lying to federal agents about defendant's export activities to Iran.  Here, defendant lied to a business associate to create false documents to avoid export restrictions.  Defendant continued his export activities undeterred by prior judicially imposed punishment.

However, to his credit, defendant immediately accepted responsibility, waived indictment, and pleaded guilty.  Defendant's timely resolution of this matter indicates a desire to accept his sentence and move on with his life.

**D.   Need to Reflect Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Deterrence, and Protect the Public**

A term of home confinement is warranted to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford deterrence.  Defendant's prior felony conviction resulted from similar conduct.  Defendant's prior conviction resulted in a fine of $5000.00 and two years of probation.  That punishment provided no deterrence to defendant's instant conduct.  Clearly, defendant needs a greater punishment than the previously imposed fine and probation.

4

The government is mindful of defendant's medical condition.  A custodial sentence, especially in light of the current COVID 19 pandemic, does not serve the ends of justice.  However, the government urges the court to impose a sentence greater than defendant's previous sentence.  A period of home confinement will impress upon defendant and other similarly situated defendants the seriousness of this conduct.  A period of home confinement is a just sentence based upon these facts considering defendant's age, medical history, lack of violent criminal conduct, and ties to the community.

**E.    Need to Avoid Unwarranted Sentence Disparities**

A sentence of four months' home confinement will avoid unwarranted sentence disparities.  It appropriately captures defendant's criminal conduct and would be similar to other similarly situated defendants convicted of a violation of 13 U.S.C. § 305(a)(1) and 18 U.S.C. § 2(b).

**IV.   CONCLUSION**

For the foregoing reasons, the government recommends the Court impose four months of home confinement, three years of supervised release, a $5000.00 fine, and a mandatory special assessment of $100.

# Certificate of Service

I am a citizen of the United States and am employed in the County of Orange, California.  I am over 18 years of age, and I am not a party to the above-entitled action.  My business address is the United States Attorney's Office, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701.

I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service was made.  On this date, November 23, 2020, I served a copy of the foregoing document(s), described as follows:

**GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT ANDREW HSU**

in the following manner:

☐     by placing a true copy in a sealed envelope, addressed to the person(s) specified below, and placing it for interoffice delivery within the courthouse to:

☐     by placing the documents in a sealed envelope, bearing the requisite postage thereon, and placing it for mailing via the U.S. Postal Service addressed as follows:

■     by e-mailing a pdf. version of the document(s) to the e-mail addresses specified as:

**Eunice Habig: eunice_habig@cacp.uscourts.gov (U.S. Probation)**

I declare under penalty of perjury that the foregoing is true and correct, executed on November 23, 2020, at Santa Ana, California.

_____/s/_____
JEAN KIM